**Francis W. DAVIS, Plaintiff–Appellant,**

v.

**M. MARTEL, Warden; et al., Defendants–Appellees.**

**No. 11–18078.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 24, 2012.

Francis W. Davis, Ione, CA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM ***

Francis W. Davis, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations in connection with his placement in administrative segregation, his change in classification status, and the handling of his prison grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed Davis's Fourteenth Amendment claims because Davis failed to allege facts sufficient to show the deprivation of a protected liberty or property interest. *See Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (requirements to demonstrate a protected liberty interest); *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003) (prisoners do not have a "separate constitutional entitlement

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to a specific prison grievance procedure"); *Hernandez v. Johnston,* 833 F.2d 1316, 1318 (9th Cir.1987) (prisoners have no constitutional right to a certain classification status).

To the extent that Davis sought to allege additional violations of his rights, they were properly dismissed because Davis's complaint did not contain a short and plain statement of those claims as required by Fed.R.Civ.P. 8(a). *See McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir.1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

**AFFIRMED.**